## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARINA CUAUTLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 8034 |
| | ) | |
| v. | ) | Hon. Judge John Z. Lee |
| | ) | |
| HARRAH'S ILLINOIS CORPORATION, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

     Plaintiff Marina Cuautle ("Cuautle") brought suit against Defendant Harrah's Illinois Corporation ("Harrah's") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 of the Civil Rights Act of 1866 and the Family and Medical Leave Act ("FMLA"). Harrah's moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), claiming that Cuautle's complaint is untimely and that she failed to exhaust her administrative remedies. Specifically, Harrah's contends that (a) Cuautle's Title VII is untimely as it was filed after the expiration of the 90-day filing period; (b) Cuautle's FMLA claims should be dismissed because they were filed after the two-year statute of limitations expired; and (c) to the extent Cuautle is asserting retaliation or hostile environment claims, she has failed to exhaust her administrative remedies because they were not part of her EEOC charge.

     Harrah's motion is denied, as it is premised upon affirmative defenses that are not proper grounds for a Rule 12(b)(6) motion. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses."); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (Easterbrook, J.) (the task of "resolving defenses comes after the complaint stage."); *see also Salas v. Wis. Dep't of Corrs.*, 493 F.3d 913, 921-22 (7th Cir. 2007) (in Title VII case, failure to exhaust administrative remedies is affirmative defense); *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999) (Easterbrook, J.) (statute of limitations is affirmative defense). Only if the Court concludes that Cuautle has pleaded herself out of court, should Harrah's motion be granted. *Xechem*, 372 F.3d at 901; *see also Foss v. Bearns, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005) ("[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development."). This is a high hurdle for Harrah's, given that it bears the burden of proving that Cuautle's suit was untimely and that she failed to exhaust, *see*, *e.g.*, *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009), and that Cuautle is not required to plead around these defenses in her complaint. *See*, *e.g.*, *Xechem*, 372 F.3d at 901; *Leavell v. Kieffer*, 189 F.3d at 494 ("Complaints need not anticipate or plead around affirmative defenses.").

Here, Cuautle has not pleaded herself out of court because she does not affirmatively allege facts that establish that: (a) she failed to file suit within the statute of limitations; (b) if the statute of limitations has elapsed, the statute was not equitably tolled in some manner; and (c) she failed to exhaust her administrative remedies as to her retaliation and hostile environment claims. As to this final point, although Cuautle did not check all of the boxes on her EEOC charge, her claims still sound in retaliation and hostile environment, as she alleges that she complained about her supervisor, who then treated her unfairly, charged her with insubordination, and eventually terminated her, while others of a different race were not treated in this fashion. This is sufficient to survive Harrah's motion because "the EEOC charge and the complaint . . . at a minimum, describe the same conduct and implicate the same individuals." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

For the foregoing reasons, Harrah's motion to dismiss [7] is denied.

Date:   July 18, 2013                                                          /s/  John Z. Lee