FILED
MAY - 6 2015
May 6, 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARINA CUAUTLE ) | |
| ) | |
| Plainftiff ) | |
| ) | Case No. 12-cv-08034 |
| v. ) | |
| ) | |
| HARRAH'S ILLINOIS CORPORATION ) | Judge John Z. Lee |
| ) | Magistrate Judge Jeffrey Cole |
| ) | |
| Defendant ) | |

## NOTICE OF MOTION
## REOPEN THE CASE AND FURTHER EXTENSION OF TIME

On November 17 2014, a Settlement agreement, was reached by Harrah;s Illinois corporation and the Trustee Thomas Sullivan, Trustee for The Bankrupcy Estate of Marina Cuautle. To this date Harrah's Illinois Coportation failed to pay, such settlement and no one has informed Marina Cuautle of the reason.

On a recent research, I've found out that, on January 15 2015, Harrah's Illinois Corporation has filed for Bankrupcy Chapter 11.

When I tried to contact the Trustee's attorney Ariane Holtschlag, she refuses to talk to me or give any information of what the trustee is going to do, her only response is "There is no money" Harrah's Illinois Corporation gave her a check and the check bounced, and that she can't talk to me; I've tried to reach again, via e-mail and asked about what the Trustee and his attorney Ariane Holtschlag, are going to do?, and just been ignored and never got a response.

According to the settlement agreement No. 1 CONSIDERATION, The case can be reinstated in the event of failure to received full payment from Harrah's Illinois Corporation and the time can be extended upon order from the United States District Court, Northern District of Illinois Eastern Division.

For the reasons above explained I, Marina Cuautle respectfully request to reopen the case and further extension of time.

Dated: May 6, 2015

Marina Cuautle

Marina Cuautle
1711 Prairie Wind Dr.
Joliet IL 60435
Telephone: 815-630-8496

You're seeing Basic Mail because you're using an unsupported Internet browser.    or    for the full Yahoo experience.

marina    Profile    Sign Out    Home

Actions    Apply

**Inbox (1583)**
Drafts (18)
Sent
Spam (1897)
Trash

**My Folders**
untitled
untitled1
untitled2

Sponsored

Happify
Finally, Science to Help Stop Negative Thoughts!

**Happify** — Science Can Help Stop Neg...
Sponsored — Happiness is no longer elusive,

### ABOUT HARRAHS CASINO SETTLEMENT

**From:** "marina cuautle" <mcuautle38@yahoo.com>

**To:** aholtschlag@wfactorlaw.com

Hello, I'm Marina Cuautle and I'm writing to get information about the settlement, please I need to know what the Trustee is going to do?
According to the paragraph No.1 of the settlement approval, specify that the Trustee can request a further extension of the sixty (60) day from the United states District Court, Northern District of Illinois, Eastern Division, in the event of failure to receive full payment from the company.
As you are the trustee attorney, can you issue a court order to reopen a further extension of time, so the money can be paid as required?
I've received counseling from the attorney from the self help from the District court, and I need to know what the trustee is going to do? Otherwise I will proceed to what I have to do.
Please I will need :
Copy of the motion settlement approval granted. (Proof of Order)
Copy of the motion to hire an accountant granted (Proof of Order)
Copy of the check issued by Harrah's casino

Thank you for your attention to this matter.

Marina Cuautle

JamesJenny Ladies 10K ...
Gold over Sterling Silver ...
Pompeii3 1.10CT
Pompeii3 1.10CT
Bling jewelry Beveled

*Email sent April 4, 2015*

Actions    Apply

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Marina Cuautle,** | Bankruptcy No. 13-03309 |
| Debtor. | Honorable Bruce W. Black |
| | Hearing Date: Dec. 12, 2014<br>Hearing Time: 9:00 a.m. |

## NOTICE OF MOTION

**Please take notice** that on **December 12, 2014, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge for the Northern District of Illinois, on the 2nd Floor of the Joliet City Hall Building at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the Trustee's **Motion to Approve Settlement with Harrah's Illinois Corporation**, a copy of which is attached hereto and hereby served upon you.

Dated: November 20, 2014

**Thomas B. Sullivan**, not individually but as the chapter 7 trustee of the bankruptcy estate of Marina Cuautle

By: /s/ Ariane Holtschlag
One of His Attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        aholtschlag@wfactorlaw.com

{00021347}

# CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on November 20, 2014, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying Trustee's *Motion to Approve Settlement Agreement with Harrah's Illinois Corporation* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. mail on all other persons identified on the attached Service List.

*/s/ Ariane Holtschlag*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

- **David D. Clough**      david@davidcloughlaw.com
- **Ariane Holtschlag**    aholtschlag@wfactorlaw.com, gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- **Patrick S Layng**      USTPRegion11.ES.ECF@usdoj.gov
- **Thomas B Sullivan**    tsullivan@wfactorlaw.com, IL19@ecfcbis.com;gsullivan@ecf.inforuptcy.com
- **Stephen J West**       tmalaw@sjwlawott.com

{00021347}

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Marina Cuautle,** | Bankruptcy No. 13-03309 |
| Debtor. | Honorable Bruce W. Black |
| | Hearing Date: Dec. 12, 2014<br>Hearing Time: 9:00 a.m. |

## MOTION TO APPROVE SETTLEMENT WITH HARRAH'S ILLINOIS CORPORATION

Thomas B. Sullivan, not individually but in his capacity as the trustee (the "*Trustee*") of the above-captioned bankruptcy estate (the "*Estate*") of Marina Cuautle (the "*Debtor*"), respectfully requests that the Court enter an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the settlement reached between the Trustee and Harrah's Illinois Corporation ("*Harrah's*") resolving the employment discrimination lawsuit the Debtor filed against Harrah's (the "*Lawsuit*") pending in the United States District Court for the Northern District of Illinois under case number 12-cv-08034. In support of this motion, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b).

{00021347}

Service List
Case 13-03309

NuMark Credit Union
PO Box 2729
Joliet, IL 60434-2729

Marina Cuautle
1711 Prairie Wind Dr
Joliet, IL 60435-0688

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

American InfoSource LP as agent for
TD Bank, USA
PO Box 248866
Oklahoma City, OK 73124-8866

Barclays Bank Delaware
c/o Arhtur Adler & Assoc Attorneys
25 E. Washington St.
Chicago, IL 60602-1708

BFI Resorts Mangement
2801 Old Winter Guden Rd
Ocoee, FL 34761-2965

Capital One, N.A.
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Citimortgage
PO Box 183040
Columbus, OH 43218-3040

Dish
Dept 0063
Palatine, IL 60055-0063

GE Capital Retail Bank
% Freedman Anselmo Lindberg LLC
1807 W Diehl Rd; Suite 333
Naperville, IL 60563-1890

HSBC Card Services Inc
% Frontline Asset Strategies LLC
1935 W County Rd 82; Suite 425
Roseville, MN 55113-2797

Heart Care Center of IL SC
% ICS
PO Box 1010
Tinley Park, IL 60477-9110

Joliet Radiological SC
36910 Treasury Center
Chicago, IL 60694-6900

Juniper
Card Services
PO Box 13337
Philadelphia, PA 19101-3337

Kohl's Payment Center
PO Box 2983
Milwaukee, WI 53201-2983

Meridian Medical Associates
2100 Glenwood Ave
Joliet, IL 60435-5696

Midland Funding/Chase Bank
c/o Blitt and Gaines, Attorneys
661 Glenn Ave.
Wheeling, IL 60090-6017

Numark Credit Union
c/o Creditors Resource Service
P.O. Box 3107
Naperville, IL 60566-7107

Old Navy Visa/GECRB
PO Box 960017
Orlando, FL 32896-0017

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Prairie Emergency Service
% ARS
PO Box 630806
Cincinnati, OH 45263-0806

Provena St Joseph Medical Center
% Creditors Collection Bureau
PO Box 63
Kankakee, IL 60901-0063

Provena St Joseph Medical Center
PO Box 88097
Chicago, IL 60680-1097

Reward Zone Program MasterCard
PO Box 17051
Baltimore, MD 21297-1051

T-Mobile
P.O.Box 742596
Cincinnati, OH 45274-2596

Target National Bank
PO Box 660170
Dallas, TX 75266-0170

Westgate Vacation Villas LLC
% International Collection Agency
PO Box 692715
Orlando, FL 32869-2715

Will Co Community Health Center
501 Ella Ave
Joliet, IL 60433-2799

David D. Clough
Law Offices of David Clough PC
55 West Monroe
Chicago, IL 60603-4949

12. Materially, the Agreement requires Harrah's to pay $12,000 (the "*Settlement Sum*") to the Estate.

13. In exchange for the Settlement Sum the Lawsuit will be dismissed with prejudice, although the Lawsuit was dismissed, without prejudice, on November 17, 2014, with leave to reinstate within sixty (60) days in the event this Court does not approve the Agreement or if Harrah's fails to pay the Settlement Sum. If the Lawsuit is not reinstated within the sixty (60) day period, the dismissal will automatically become "with prejudice."

14. Additionally, the Agreement provides that the Trustee releases the Estate's claim(s) asserted in the Lawsuit, as well as any other claims arising out of or related to the Debtor's employment with Harrah's that accrued prior to the Petition Date.

## BASIS FOR REQUESTED RELIEF

15. A trustee may settle or compromise a dispute with bankruptcy court approval. Fed. R. Bankr. P. 9019.

16. "A bankruptcy court may approve a settlement agreement only if it is in the best interest of the bankruptcy estate." *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (2012). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (citing *In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989)). "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (quoting *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987)).

17. "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the

## BACKGROUND

4. On January 29, 2013, (the "***Petition Date***") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101, *ff.* (the "***Bankruptcy Code***"), thereby initiating the Case.

5. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and has the authority to seek the relief requested herein.

6. The Trustee conducted a meeting pursuant to § 341 of the Bankruptcy Code on or about February 28, 2013, and thereafter entered a no asset report in the Case.

7. On or about April 30, 2012, the Case was closed and the Trustee discharged. [Dkt. No. 15]

8. In the Spring of 2014, the Trustee was contacted by court-appointed counsel for the Debtor regarding the previously undisclosed Lawsuit.

9. On May 23, 2014, the Case was reopened and the Trustee reappointed to pursue the Claims on behalf of the Estate. [Dkt. Nos. 17 and 18]

10. Thereafter the Trustee was substituted as the proper plaintiff in the Lawsuit and engaged in extensive settlement discussions with Harrah's culminating in a settlement conference presided over by the Honorable Judge John Z. Lee. That settlement conference produced the settlement terms proposed herein.

## TERMS OF THE AGREEMENT

11. In order to avoid further expense and risk of litigation, the Trustee would like to settle the Lawsuit against Harrah's on the terms and conditions contained in the Agreement and General Release (the "***Agreement***") attached hereto as **Exhibit 1** and incorporated herein by reference.

reasonable range of possible litigation outcomes. Because litigation outcomes cannot be predicted with mathematical precision. only if a settlement falls below the low end of possible litigation outcomes will it fail the reasonable equivalence standard." *Id.* (citations omitted); accord *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bank. N.D. Ill. 1994). This determination should be weighted in favor of settlement, and a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553.

18. Here, the settlement meets the above-cited standards for judicial approval and comports with the public policy considerations favoring settlements generally.

19. In this Case, Harrah's has asserted that it has defenses to the Lawsuit, including but not limited to judicial and equitable estoppel due to the Debtor's failure to disclose the Lawsuit in this Case. If successful, such defenses could potentially limit the amount of damages to the amount of outstanding claims in this Case. As of the filing of this motion, the outstanding claims total approximately $7,377.50. Furthermore, if required to take the Lawsuit to trial, the Trustee is concerned that the likelihood of success on the merits could be compromised as a result of the Debtor's general lack of credibility.

20. The Trustee submits that the Agreement is the product of extensive, good faith, arm's length negotiations between the Trustee and Harrah's with the assistance of a federal judge. The Trustee believes that the Agreement is fair and equitable and well within the range of potential litigation outcomes.

21. For these reasons, the Trustee respectfully submits that the Agreement is in the best interests of the Estate.

## NOTICE

22. Twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's

counsel; (iv) the Debtor's creditors; and (v) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order approving the Agreement, authorizing the Trustee to take all steps necessary to effectuate this settlement, and granting such other and further relief as this Court may deem just and appropriate.

Dated: November 20, 2014

Respectfully submitted,
**Thomas B. Sullivan**, not individually but as the chapter 7 trustee of the bankruptcy estate of Marina Cuautle

By: /s/ Ariane Holtschlag
One of His Attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
            aholtschlag@wfactorlaw.com

{00021347}

# Exhibit 1

# AGREEMENT AND GENERAL RELEASE ("Agreement")

This Agreement is entered into between Harrah's Illinois Corporation ("the Company") and Thomas B. Sullivan ("Bankruptcy Trustee" or "Trustee"), not individually, but as Trustee of the Bankruptcy Estate of Marina Cuautle ("the Bankruptcy Estate") (collectively "the Parties").

WHEREAS, Marina Cuautle ("Cuautle") was an employee of the Company. Her employment was terminated by the Company on or about September 17, 2010;

WHEREAS, on September 20, 2010, Cuautle filed an IDHR Charge, alleging claims of national origin, age, sex, and disability discrimination in connection with her employment. The IDHR investigated Cuautle's Charge and issued an order of closure on May 18, 2011, after Cuautle withdrew her Charge. The Charge was cross-filed with the EEOC, and the EEOC also dismissed her Charge and issued a Notice of Right to Sue on September 21, 2011;

WHEREAS, on January 13, 2012, Cuautle filed a lawsuit against the Company in the Twelfth Judicial Circuit in Will County, Illinois. On or about September 17, 2012, Cuautle filed an Amended Complaint. The Company filed a notice of removal to federal court on October 8, 2012. This lawsuit, entitled *Marina Cuautle v. Harrah's Illinois Corporation*, Case No. 12-cv-08034 ("the Lawsuit"), is presently pending in the United States District Court, Northern District of Illinois, Eastern Division, before Judge John Z. Lee;

WHEREAS, on January 29, 2013, Cuautle filed a Second Amended Complaint against the Company;

WHEREAS, also on January 29, 2013, Cuautle filed a petition for relief under Chapter 7 of Title 11, United States Code (11 U.S.C. §§ 101, et seq.) (the "Bankruptcy Petition"), in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 13-03309 ("the Bankruptcy Case");

WHEREAS, the Trustee was appointed as the trustee of the Bankruptcy Estate and authorized to administer all property of Cuautle's Estate. The Trustee conducted a meeting pursuant to Section 341 of the Bankruptcy Code on or about February 28, 2013, and thereafter entered a no asset report in the Bankruptcy Case. On or about May 3, 2013, the Bankruptcy Case was closed and the Trustee was discharged from his duties;

WHEREAS, the Trustee subsequently learned that Cuautle failed to disclose the Lawsuit in her bankruptcy schedules and moved to be reappointed as Trustee and reopen the Bankruptcy Case;

WHEREAS, all the claims asserted by Cuautle in her Charges and the Lawsuit accrued prior to her filing of the Bankruptcy Petition, and are therefore pre-petition claims;

WHEREAS, the Trustee represents that all claims, actions and causes of action that have accrued to Cuautle against the Company prior to her filing of her Bankruptcy Petition

{00015435}

in the Bankruptcy Case are owned and controlled by the Bankruptcy Estate, including but not limited to all claims Cuautle made in the Charges and Lawsuit, and that the Trustee has been reappointed by the Bankruptcy Court and has the right to completely settle all such claims and provide a general release to the Company, subject to approval by the Bankruptcy Court;

WHEREAS, the Company steadfastly denies all of Cuautle's claims;

WHEREAS, the Company and the Trustee have agreed to settle all claims and causes of action which accrued to Cuautle against the Company prior to Cuautle's filing of the Bankruptcy Petition in the Bankruptcy Case.

NOW THEREFORE, the Parties agree as follows:

1. **Consideration.** In consideration for signing this Agreement, and dismissing the Lawsuit without prejudice on November 17, 2014, the Company agrees to pay the Trustee the gross amount of Twelve Thousand Dollars ($12,000.00), as follows:

> In full and complete settlement of all of Cuautle's claims, the Company shall pay the gross amount of Twelve Thousand Dollars ($12,000.00) to the Trustee (FEIN 306435502) for alleged back pay damages, for which payment the Trustee will be issued the appropriate tax forms. The Trustee agrees that he will be responsible for the payment of all appropriate taxes associated with the settlement sum and will hold the Company harmless for any and all obligations it may have relative to tax witholdings.

Trustee shall have sixty (60) days from November 17, 2014 to reinstate this case in the event that the Bankruptcy Court does not approve the Agreement or in the event of failure to receive full payment from the Company. In the event that additional time is needed to obtain Bankruptcy Court approval, the sixty (60) day period may be extended upon order from the United States District Court, Northern District of Illinois, Eastern Division. The settlement check does not need to be tendered until after approval of the Agreement from the Bankruptcy Court.

2. **No Consideration Absent Execution of this Agreement.** The Trustee understands and agrees that the monies and/or benefits specified in Paragraph 1 above would not be made except for the Trustee's execution of this Agreement and the fulfillment of the conditions precedent contained herein with regard to the Bankruptcy Court's approval of this Agreement.

3. **Release, Claims Not Released and Related Provisions**

    a. **General Release of All Claims**. The Trustee, not as an individual, but as Trustee of the Bankruptcy Estate, knowingly and voluntarily releases and forever discharges the Company, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively

{00015435}

referred to throughout the remainder of this Agreement as "Releases"), of and from any and all claims, known and unknown, asserted or unasserted, which have accrued to Cuautle against the Company, arising out of or related to her employment with the Company, prior to the filing of Cuautle's Bankruptcy Petition in her Bankruptcy Case, including but not limited to workers' compensation, personal injury, or class action claims.

      b.    **Claims Not Released**. The Trustee, not as an individual, but as Trustee of the Bankruptcy Estate, is not waiving any rights he may have to: (a) Cuautle's vested accrued employee benefits under the Company's health, welfare, or retirement benefit plans as of the time she separated from the Company; or, (b) enforce this Agreement.

    4.    **Acknowledgments and Affirmations.**

The Trustee affirms that he has not filed, caused to be filed, or presently is a party to any claim against Releases, except the Lawsuit.

The Trustee affirms that he will make his best effort to obtain approval from the Bankruptcy Court and not take any action against such approval or to otherwise discourage such approval.

The Trustee acknowledges and agrees that Cuautle is not a party to this Agreement and neither her consent nor her signature as to any of the provisions are necessary or required.

    5.    **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of this Agreement reflects the mutual intent of the parties, and no provision of this Agreement shall be construed for or against any party because that party or its attorney drafted the provision.

    6.    **Nonadmission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

    7.    **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

{00015435}

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. The Trustee acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

9. **Signatures.** The Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by fax or electronic mail will have the same effect as the original signature.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**Thomas Sullivan,**
**Not individually, but as Trustee for**
**The Bankruptcy Estate of Marina Cuautle**

By: _[signature]_

Its: _attorney for the Trustee_

Date: _11/17/14_

**Harrah's Illinois Corporation**

By: _[signature]_

Its: _Director of Human Resources_

Date: _11-17-14_

4833-9328-2590, v. 1

{00015435}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| In Re: | ) | BK No.: 13-03309 |
|---|---|---|
| Marina Cuautle | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Bruce W. Black |
| | ) | Joliet |
| Debtor(s) | ) | |

**Order Granting the Trustee's Motion to Approve Settlement with Harrah's Illinois Corporation**

This Matter coming before the Court on the Trustee's Motion (the "Motion") to Approve Settlement with Harrah's Illinois Corporation ("Harrah's") made pursuant to Fed. R. Bankr. P. 9019, this Court having good and proper jurisdiction over this Matter, sufficient notice having been given and no further notice being required, and determining all the requisites under Rule 9019 having been satisfied, IT IS HEREBY ORDERED:

1. The Motion is GRANTED as provided herein;

2. The chapter 7 trustee is granted authority to settle the Estate's claims against Harrah's, on the terms and conditions provided in the Agreement attached to the Motion as Exhibit 1, for one lump sum payment of $12,000 and the same is hereby approved;

3. The chapter 7 trustee is granted authority to take any further steps as necessary to effectuate the settlement under the terms provided in the Agreement.

Enter:

Dated:                                                                United States Bankruptcy Judge

**Prepared by:**
William J. Factor (6205675)
Ariane Holtschlag (6294327)
FACTORLAW
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com
           aholtschlag@wfactorlaw.com

Rev: 20130103_bko